IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARL FRANKLIN TATE, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2652 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Carl Franklin Tate, a state inmate proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 to challenge his 2003 guilty plea conviction for aggravated assault. Respondent has filed a motion to dismiss the petition as barred by limitations. (Docket Entry No. 9.) The certificate of service on respondent's motion shows that respondent served petitioner with a copy of the motion on November 15, 2006. (*Id.*, p. 8.) Despite the expiration of a reasonable period of time, petitioner has not responded to the motion to dismiss.

After considering the motion, the pleadings, the record, and the applicable law, the Court will grant the motion and dismiss this petition as barred by limitations.

### I. PROCEDURAL HISTORY

Petitioner pleaded guilty on October 24, 2003 to aggravated assault in the 182nd District Court of Harris County, Texas, and was sentenced to ten years incarceration. He did not seek direct appeal of the conviction. On July 6, 2004, petitioner filed an application for state habeas relief, which was denied by the Texas Court of Criminal Appeals on February

1, 2006. During that time, petitioner filed a petition for federal habeas relief, which was denied on August 12, 2005 for failure to exhaust state court remedies. *Tate v. Dretke*, C.A. No. H-05-0507 (S.D. Tex.), Following the denial of his state habeas application, petitioner filed the instant petition on August 7, 2006.

Respondent argues that this petition should be dismissed as barred by the one-year statute of limitations.

## II. DISCUSSION

### A.   The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1)   A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of

>   due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

In this case, petitioner's conviction became final for purposes of the one-year limitation at the conclusion of direct review or the expiration of the time for seeking such review. Because petitioner did not seek direct review of his October 23, 2003 conviction, the conviction became final for purposes of AEDPA thirty days later on November 24, 2003. Petitioner then had one year, or until on or about November 24, 2004, to file his federal petition. Because petitioner did not file this petition until August 7, 2006, the petition is untimely unless an exception applies.

**B.   Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner's state application filed on July 6, 2004 and denied on February 1, 2006, was pending for 575 days. Accordingly,

petitioner had until June 22, 2006 to file the instant petition. As it was not filed until August 7, 2006, it is untimely. In the absence of any equitable tolling considerations, this petition must be dismissed.

### C.   Equitable Tolling

Equitable tolling applies principally where one party is actively misled by the other party or is prevented in some extraordinary way from asserting his rights. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). To warrant equitable tolling, a petitioner must show extraordinary circumstances beyond his control that made it impossible to file his petition on time. A petitioner's diligence in pursuing relief is an important factor in assessing his entitlement to equitable tolling. *Coleman*, 184 F.3d at 403.

Petitioner's pleadings do not reveal any viable grounds for application of equitable tolling. This petition will be dismissed as untimely.

### III. CONCLUSION

The motion to dismiss (Docket Entry No. 9) is **GRANTED**. Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on this the 21st day of December, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE